# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PETERSON, | CASE NO. 1:11-cv-00279 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| JAMES YATES, et al., | (ECF No. 1) |
| Defendants. | |

**Screening Order**

**I.     Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections (CDCR) and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison. Plaintiff claims that he was subjected to inadequate medical care such that it violated the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff names the following individual defendants: J. Yates, Warden at Pleasant Valley; J. Walker, Chief of Inmate Care; Correctional Counselor S. Torres; Chief Medical Officer Igbinosa; Licensed Vocational Nurse (LVN) Clark.

Plaintiff suffers from severe back injuries, "which cause continuous pain." Plaintiff was prescribed morphine for his pain. Plaintiff alleges that in January of 2009, the medical staff at Pleasant Valley "began suffering adverse effects due to allegations by the Sacramento Medical head quarters that Pleasant Valley was 'over prescribing' pain medication, on or around January of 2009." In February of 2009, Plaintiff's pain medication was discontinued. As a result, Plaintiff "had to suffer severe withdraws [sic] from the pain medication as well as the unbearable pain caused from Plaintiff's back injuries."

Although Plaintiff alleges that his medication was discontinued in February of 2009, he also alleges that between February of 2009 and December of 2011, he "informed LVN Clark when Plaintiff's medication expired due to medical staff's negligence. Each time LVN Clark did nothing

to get Plaintiff his medication or to deal with the issue."

Plaintiff alleges that, on two occasions, he was "written up" for attempting to address his medical needs. Plaintiff was charged with a disciplinary violation and, as a result, placed on restricted privilege status, severely limiting his privileges.[1] Plaintiff appealed the disciplinary charges via the inmate grievance process. Defendant Torres denied Plaintiff's grievance at the First Level. Defendant Yates denied the grievance at the Second Level.

Plaintiff alleges that "several times after the appeal issue in sections 24 through 33 Plaintiff was placed on his medication for pain management and removed due to staff negligence in re-newing it before it's expiration." Plaintiff alleges that Defendant Igbinosa, as the Chief Medical Officer, is liable for his failure to "correct the system which was causing Plaintiff to suffer severe pain each time his medications expired."

### A. Medical Care

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th

---

[1] Plaintiff attaches as an exhibit to his complaint copies of his inmate grievance regarding his disciplinary charges. Plaintiff's Exhibit I is a copy of the First Level Appeal Response, issued by Correctional Counselor Torres and Associate Warden Davis. The response indicates that, although Plaintiff argues that the disciplinary reports (dated 2/27/09 and 3/3/09) are a result of the medical department cutting off his pain medication, the disciplinary reports were issued for the following conduct: "an investigation of your appeal issues in conjunction with an examination of your supporting documents reveals on 5/27/2009, you appeared before the Facility 'A' Unit Classification Committee (UCC) for a Program Review. UCC noted you received two CDC 115 dated 2/27/09 for Disruptive Behavior and 3/3/09 for Manipulation of Staff both within a 180 day period. You meet the criteria as a Program Failure as defined by CCR Section 3000." The response at the Second Level an Director's Level, as indicated by Plaintiff's Exhibits, reveal that the basis of the disciplinary reports were violations of CDCR rules. The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

1 Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a
2 purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
3 by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Where a prisoner is alleging a delay
4 in receiving medical treatment, the delay must have led to further harm in order for the prisoner to
5 make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely
6 v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

7       Here, the Court finds Plaintiff's allegations to be vague.  Plaintiff clearly alleges that he, at
8 one point, was prescribed morphine, and then it was discontinued.  Plaintiff's allegations are vague,
9 however regarding whether he was again prescribed morphine.  Plaintiff alleges that his morphine
10 was discontinued and then alleges that the prescription expired.  Plaintiff's allegations are also vague
11 as to the specific conduct of each individual defendant.  A generalized allegation that Plaintiff is no
12 longer taking morphine does not, of itself, subject all of the individual defendants to liability.
13 Plaintiff fails to allege any facts indicating that any individual defendant failed to provide a properly
14 prescribed medication.  In order to hold each individual defendant liable, Plaintiff must allege facts
15 indicating that the individual defendant knew of a specific harm to Plaintiff and acted with deliberate
16 indifference to that harm.

17       "A person deprives another of a constitutional right, where that person 'does an affirmative
18 act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally
19 required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500
20 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he
21 'requisite causal connection can be established not only by some kind of direct, personal
22 participation in the deprivation, but also by setting in motion a series of acts by others which the
23 actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id.
24 (quoting Johnson at 743-44).

25       Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to
26 hold an individual defendant liable, Plaintiff must name the individual defendant, describe where
27 that defendant is employed and in what capacity, and explain how that defendant acted under color
28 of state law.  Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must

4

describe what each defendant, *by name*, did to violate the particular right described by Plaintiff. Plaintiff has failed to do so here.

Further, the conduct of Defendants Torres and Yates relates to their participation in the inmate grievance process. Actions in reviewing an inmate grievance alone are not sufficient to demonstrate liability under § 1983. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Ellington v. Clark, 2010 WL 3001427, (E.D. Cal. July 29, 2010) citing George v. Smith, 507 F.3d 604, 609 (7th Cir. 2007). For a supervisory defendant to be liable, there must be either personal involvement or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (per curiam)(citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc)).

## III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing

to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 14, 2012**             /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE